No. 41,771

AIRCRAFT EMPLOYEES RECREATIONAL ORGANIZATION, INC., also known as AERO CLUB, INC., *Appellant,* v. KEITH SANBORN, County Attorney of Sedgwick County, Kansas, ROBERT HOFFMAN, Assistant Attorney General of the State of Kansas, and RICHARD HOLLINGSWORTH, Assistant County Attorney of Sedgwick County, Kansas, *Appellees.*

No. 41,772

KEY CLUB, INC., *Appellant,* v. KEITH SANBORN, County Attorney of Sedgwick County, Kansas, ROBERT HOFFMAN, Assistant Attorney General of the State of Kansas, and RICHARD HOLLINGSWORTH, Assistant County Attorney of Sedgwick County, Kansas, *Appellees.*

(360 P. 2d 1099)

Opinion filed April 8, 1961.

*Patrick J. Warnick,* of Wichita, argued the cause, and *Alan B. Phares,* of Wichita, was with him on the brief for the appellants.

*Keith Sanborn,* County Attorney, argued the cause, and *William Ferguson,* Attorney General, *Robert E. Hoffman,* Assistant Attorney General, and *R. K. Hollingsworth,* Deputy County Attorney, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: From a very sketchy and confusing record as shown by both the abstract and counter-abstract in these consolidated cases, it appears that on June 17, 1959, the county attorney of Sedgwick county issued a subpoena *duces tecum* directing Thomas R. Brunner to appear before such official and to produce books, accounts and records belonging to or concerning the AERO CLUB, INC., and the KEY CLUB, INC., for which organizations Brunner was the accountant. The reason for this was that the county attorney wanted to inspect the records in connection with prosecutions against the two clubs for alleged law violations. On the same day it appears that sheriff's deputies went to Brunner's home, where he maintained his office, and Mrs. Brunner turned over various copies of records and accounts to them.

The next day, June 18th, each of the two clubs filed an action in replevin against the county attorney, an assistant county attorney, and an assistant attorney general, seeking recovery of the copies of the records turned over to the officers by Mrs. Brunner.

On June 26, 1959, both cases were heard by the court, at which time Brunner testified. At the conclusion thereof the court denied replevin and entered judgment for defendants. Each of the plaintiffs has appealed, and the cases were consolidated for hearing in this court.

Plaintiffs do not complain about the issuance of the subpoena *duces tecum,* and neither do they complain about the holding of an "inquisition"—if in fact one was held. Their complaint is that once the "inquisition" had been completed the books and records should have been returned to their owners, and that the law-enforcement officials should not be permitted to retain the records in their possession indefinitely.

It would serve no useful purpose to set out the testimony of Mr. Brunner. The gist of it is that he was the accountant for each of the clubs and prepared his work sheets from the club's records. From the record presented, it is not clear whether a so-called

"inquisition" was held concerning the operations of the clubs. The counter-abstract contains portions of evidence introduced in a criminal prosecution had in December, 1959, which apparently arose out of alleged law violations by the clubs, but which, of course, has absolutely nothing to do with the cases before us, which were decided on June 26, 1959.

Because of the nature of the record presented in these appeals we feel that we are not called upon to discuss questions pertaining to inquisitions, the right of law-enforcement officials to obtain possession of business records in cases such as these, and of the right to bring a replevin action against such officials to recover possession of records.

The firmly-established rule in this state, as elsewhere, is that on an appeal error in the court below is never presumed, and the burden is on an appellant to establish affirmatively that error was committed. (See Hatcher's Kansas Digest, Revised Edition, Appeal and Error, Sec. 408.) In neither of the cases before us has it been made to appear that in its judgment of June 26, 1959, the trial court committed error in denying replevin, and as to each case the judgment is therefore affirmed.